# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | | |
|---|---|---|
| DARRICK A. SHANNON, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:17-CV-00787-DGK |
| | ) | |
| HONEYWELL FEDERAL | ) | |
| MANUFACTURING & TECHNOLOGIES, | ) | |
| LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER ON DISCOVERY DISPUTE

This is an employment discrimination case. Plaintiff alleges Defendants denied him multiple promotions as a result of a pattern and practice of age, race, and gender discrimination, in violation of Missouri Human Rights Act, Mo. Rev. Stat. § 213.010, *et seq.*, the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.*, the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981, *et seq.*, and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*

Now before the Court is a discovery dispute concerning electronic discovery (Docs. 35, 37, & 38). Having reviewed the parties' memoranda, the Court finds a teleconference is not necessary in this case. For the following reasons, the Court grants Plaintiff's search term request only.

**Background**

This case centers on alleged discriminatory acts by Defendants during the course of Plaintiff's employment. Plaintiff alleges that he applied for and was denied multiple promotions over the past four years, resulting in at least $100,000 in damages.

Over the last several months, the parties have diligently partnered to determine appropriate search terms that could be used to best search Defendants' electronically stored information ("ESI"). However, despite this collaboration, the parties cannot agree on how Defendants should search its files and documents in response to Plaintiff's requests.

On June 13, 2018, Defendants ran a search of its ESI (the "June 13th search"), based, at least directionally, on Plaintiff's desired search terms. Plaintiff objected to Defendants' search terms, but the Defendants ran the search and produced the resulting documents. While the search resulted in 2,484 "hits," documents that matched the search terms, it yielded only twelve unique documents.

Plaintiff proposes a list of search terms that is expected to yield 7,746 hits, 5,262 more than Defendants' search. Defendants estimate the cost to review the 5,262 additional documents is $23,320.

Plaintiff requests the Court to compel Defendants to do two things: (1) produce all the documents as a result of the June 13th search; and (2) run a search using Plaintiff's proposed search terms. Defendants state they have produced all the documents from their June 13th search that are relevant and non-privileged. Further, they oppose Plaintiff's search terms on the basis of proportionality and speculation.

**Standard**

Under Rule 26(b)(1) of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Proportionality is weighed by considering "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and

whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

**Discussion**

The Court addresses Plaintiff's second request first. Plaintiff complains Defendants' search terms were too limited and asks the Court to compel Defendants to run an ESI search using his terms. Defendants oppose this request because the more restrictive June 13th search produced many irrelevant documents, and argue there is no reason to believe a broader search will return any additional discoverable material. Further, Defendants argue the cost to perform Plaintiff's search outweighs the needs of this single plaintiff discrimination case.

The largest difference between Plaintiff's proposed search terms and the June 13th search terms is the boolean connectors "and" and "or." Plaintiff's proposed search terms relies on the less restrictive "or," while the June 13th search uses "and." For example, the June 13th search required the Plaintiff's first name *and* last name to be within three words of each other in order to generate a hit. Plaintiff proposes searching for Plaintiff's first name *or* last name.

To support Plaintiff's assertion that relevant documents will result by using their search terms, Plaintiff attaches an email, obtained through other discovery methods, that is related to reasons why Plaintiff was not promoted, an issue relevant to the claims in this case. This email only refers to Plaintiff by his first name, thus did not appear in the June 13th search because that search required first and last name. Plaintiff argues this email would have generated a hit using his search terms.

Considering relevant material may be discovered using a less restrictive search, the Court finds Plaintiff's search terms are likely to return relevant discoverable material.

As the party resisting discovery, Defendants have the burden to show that Plaintiff's proposed search is not proportional to the needs of this case. After weighing the considerations in R. 26(b)(1), the Court finds executing Plaintiff's proposed search is proportional to the needs of the case.

First, Plaintiff complains of a pattern and practice of discrimination occurring over four years, a relatively significant allegation and the main issue in this case. Next, Plaintiff estimates damages are over $100,000. Further, Defendants have sole access to their ESI and there are no facts to suggest they do not have the resources to run this search and produce the relevant documents. Additionally, using Plaintiff's search terms, may, as Plaintiff has demonstrated, uncover information that is highly relevant to the issues in this case and could ultimately lead to resolving the issues in this case. Finally, the Court finds that Defendants' estimated expense, $23,320, does not outweigh the likely benefit of producing relevant documents. Thus, the Court finds executing a search using Plaintiff's search terms is proportional to the needs of the case.

Accordingly, the Court grants Plaintiff's request to run a search using his search terms.

Turning now to Plaintiff's first request. Plaintiff complains that Defendants only produced twelve documents from their June 13th search. Plaintiff seems to argue that out of 2,484 hits, it is unreasonable to believe that only twelve unique documents were uncovered, and suggests that Defendants unilaterally dictated the scope of discovery based on their own opinion of what is relevant.

Defendants state the vast majority of the June 13th search results were not relevant or were privileged. In Defendants' memorandum, they provide a sample of false hits, documents that meet the search criteria but that ultimately were not produced because they were not relevant. For example, a search including Plaintiff's full name and the word "lawsuit" resulted in a daily email

sent from the National Nuclear Security Administration to all employees, including Plaintiff, containing updates on unrelated lawsuits. This type of email is not relevant to the claims or defenses in this case and as a daily email likely resulted in many occurrences within the search results.

There is nothing to support Plaintiff's assertion that within the June 13th search there are additional discoverable material beyond what Defendants produced. Considering the sample of false hits provided by Defendants, it is understandable how a search with a large number of hits produced a few number of documents. Therefore, the Court is not persuaded by Plaintiff's argument that, based on the ratio of hits to produced documents, there must be discoverable material that Defendants omitted in their production of the June 13th search. Further, the Court finds reviewing or otherwise compelling Defendants to review the results of the June 13th search results is unnecessary given the Court's ruling to run a second search with Plaintiff's proposed search terms. Accordingly, the portion of Plaintiff's request to produce additional documents from the June 13th search is denied.

The parties should note that the Court rarely is involved in disputes regarding ESI search terms, presumably because parties are capable of resolving these disputes themselves. In light of this dispute, the Court directs the parties to consider whether the Court should appoint a special master, at the parties' cost, to oversee and resolve future discovery disputes.

**IT IS SO ORDERED.**

Date:  July 20, 2018  /s/ Greg Kays
GREG KAYS, CHIEF JUDGE
UNITED STATES DISTRICT COURT